UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN POKRAS,<br><br>    Plaintiff<br><br>v.<br><br>J. LEWIS and S. MORRIS,<br><br>    Defendants. | Case No. CV 17-6603-JVS (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all pleadings and documents filed and lodged in this action, Defendants' motion to dismiss the Complaint ("Motion") and the parties' related briefing, the Report and Recommendation of United States Magistrate Judge ("Report"), Plaintiff's Objections to the Report and Defendants' Response, the Magistrate Judge's Order of March 20, 2018 ("March 20 Order"), and Plaintiff's Response to the March 20 Order ("Response"). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

The Complaint asserts Eighth Amendment claims against Defendants Lewis and Morris, in their individual and official capacities, based upon Plaintiff's failure to obtain treatment with Harvoni. The Complaint alleges that both Defendants acted

1  with deliberate indifference in failing to provide him with Harvoni.  In her Report,
2  the Magistrate Judge found that the Complaint failed to plead the required deliberate
3  indifference on the part of either Defendant and that, based on the facts and
4  circumstances alleged, Plaintiff would not be able to do so, and thus, amendment
5  would be futile.  The Report also addressed several new theories posited by Plaintiff
6  in his Opposition to the Motion and found that they did not state viable bases for
7  liability against the two Defendants.  The Magistrate Judge therefore recommended
8  that the Motion be granted and that leave to amend be denied.

9  In his Objections to the Report, Plaintiff conceded that his Complaint is
10 defective, stated that he had "issues" he wishes to address," and asked for leave to
11 amend, although he did not identify any such issues or bases for amendment.  The
12 Magistrate Judge issued the March 20 Order in response, which provided Plaintiff
13 with an opportunity to show that leave to amend is warranted.  The March 20 Order
14 directed Plaintiff to file a response as follows:  "The response need not contain a
15 formal amended complaint and may be informal, but it must set forth factual
16 allegations and one or more legal theories of Section 1983 liability sufficient to
17 show that, if given an opportunity to amend, Plaintiff could file an amended
18 complaint that states a Section 1983 claim upon which relief could be granted."

19 Plaintiff has filed a timely Response to the March 20 Order, which the Court
20 has reviewed carefully.  Plaintiff states that, in an amended complaint, he would
21 again sue Defendants Lewis and Morris in their individual and official capacities
22 alleging an Eighth Amendment claim based upon the denial to him of Harvoni
23 treatment.  Although Plaintiff states that he would allege that these Defendants acted
24 with deliberate indifference, he does not set forth a single factual allegation in
25 support.  None of the statements in the Response differ from the allegations
26 contained in the present Complaint, which the Report found wanting.  Nothing in
27 the Response indicates even the possibility that a viable theory of Section 1983
28 liability exists against the Defendants, much less that, if Plaintiff were granted leave

to amend, he could plead a viable claim against them.

Having completed its review, the Court concludes that nothing in the Objections or the Response affects or alters the analysis and conclusions set forth in the Report. The Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that: (1) the Motion is GRANTED; (2) the Complaint is dismissed without leave to amend; and (3) Judgment shall be entered dismissing this action with prejudice.

DATE: April 19, 2018   _____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE